McKAY,
concurring in part and dissenting in part.
I respectfully dissent from Section II.A of the majority opinion, in which the court holds that Ms. Flitton was appropriately awarded fees for the unsuccessful claims she raised in the second jury trial because these claims were interrelated to the successful claims she had pursued in the first jury trial. I disagree with this analysis and therefore would reverse and remand for the district court to impose an award excluding fees accrued during Ms. Flitton’s entirely unsuccessful second jury trial.
A fee award in a Title VII case is anchored in prevailing party status, 42 U.S.C. § 2000e-5(k), which means that a plaintiff must succeed on at least some significant claim for relief to be entitled to attorney fees. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Where a plaintiff does not obtain success on all of her claims, “[t]he extent of a plaintiffs success is a crucial factor that the district courts should consider carefully in determining the amount of fees to be awarded,” id. at 438 n. 14, 103 S.Ct. 1933, and “no fee may be awarded for services” on an unsuccessful claim that is distinctly different from the successful claims for relief, id. at 435, 103 S.Ct. 1933. However, when a plaintiff achieves only partial success on interrelated claims, it would be unmanageable or unworkable to separate the hours spent on successful and unsuccessful claims. See id. (holding that it may be inappropriate to limit a fee award where claims are interrelated because in such cases it will be “difficult to divide the hours expended on a claim-by-claim basis”). The courts have therefore developed the interrelatedness rule to cut the Gordian knot, permitting fees to be awarded for the full time spent on the interrelated claims rather than requiring the difficult or even impossible *1181 task of separating the time spent on interrelated successful and unsuccessful claims.
In the usual case, this interrelatedness rule is eminently sound. Where the time spent on interrelated claims is inherently separable, however, the application of this rule strikes me as both unnecessary and inconsistent with the purpose behind the statutory provision for fees.
I agree with the majority that the claims in this case are interrelated and, therefore, that Ms. Flitton should be compensated for all of the time her attorneys spent preparing for the first trial, even the time spent on the claims that ultimately turned out to be unsuccessful. In preparing for the first trial, Ms. Flitton’s attorneys worked on interrelated successful and unsuccessful claims, and it would be difficult to distinguish between the time spent on the successful retaliation claim and the time spent on the unsuccessful punitive damages and discrimination claims. However, I am not persuaded that Ms. Flitton should be further compensated for the completely unsuccessful pursuit of her punitive damages and discrimination claims on remand. Following our decision on appeal, Ms. Flitton began what was, in effect, a second lawsuit on the remanded claims— an action in which she did not prevail. The fact that these claims were interrelated to another claim on which she had previously succeeded in another proceeding is irrelevant, in my view, to the question of whether she should be awarded fees for the inherently separable fees incurred during this unsuccessful proceeding. Under the circumstances of this case, I would hold that the district court abused its discretion by awarding fees for a proceeding in which Ms. Flitton was entirely unsuccessful.
I concur with the remainder of the majority’s opinion. I note in particular that, although I find persuasive Judge Gorsuch’s argument that the rule stated in Hoyt would be more appropriately treated as a procedural rule rather than a jurisdictional barrier, I agree with Judge Tacha that we are not free to ignore our treatment in Hoyt of this issue as a jurisdictional one. This issue may warrant further consideration by the en banc court, but this panel is currently bound by Hoyt’s holding that a district court lacks jurisdiction to award appellate fees in this type of case.